## Phillips *vs.* Johnson, &c.

### APPEAL FROM THE LOUISVILLE CHANCERY COURT.

1. A judgment and execution sale against executor and devisee for life,
does not pass the right and title of the devisee in remainder.

2. No title passes to land under a sale in execution, but such title as
the defendants in the execution hold to the property.

3. A tenant occupying that relation to the remainder-man is not such
an adversary claimant as presents any bar to a court of chancery
decreeing partition between remainder-men.

4. If there be a devise to a woman for life and then to her children,
and before any children born, a judgment be had against the de-
visee for life and the land sold, nothing passes but the estate for
life; the fee, until children born, remains with the heirs of the
testator.

5. Where a devise is to the mother for life, and then to her children,
the right to the remainder vests in the children as they are born,
and if any of them die before the determination of the life estate
their interest vests in their heirs.

6. One who enters and holds only the title of the tenant for life can-
not, by claiming to hold adversely, oust the chancellor of juris-
diction to decree partition between remainder-men and control
the possession.

Judge MARSHALL delivered the opinion of the court.

Thomas S. J. Johnson, an infant grand son of Nancy Standeford, who died in 1849, sued, by his next friend, for a partition of certain land devised by Squire Brooks to his sister, Nancy Standeford, for her sole use, &c., during her life, and at her death to be equally divided amongst her children.   One hundred and five acres, part of the land thus devised, was purchased by Thomas Phillips in 1831, under a judgment. against the administrator of Squire Brooks, and certain named devisees, among whom was Nancy Standeford, but her children were not included, and the same land being in possession of Richard Phillips, by transfer from Thomas, the said Richard was made a defendant; and notwithstanding his claim of adverse title and possession, and of the bar by time, the land so purchased by Thomas Phillips was decreed to be divided between the complainant, in right of his mother, a deceased daughter of Nancy Standeford, and the then living children of said Nancy.   From this decree R. Phillips has appealed, and it is contended, first, that as Phillips holds and claims adversely, he was entitled to a trial by jury, and could not be disturbed in this suit for partition, which could not give jurisdiction to the chancellor to try an adverse claim; and secondly, that the entire title which Squire Brooks had at his death passed, under the execution and sheriff's deed, to Samuel Phillips, the purchaser under whom the defendant, R. Phillips, claims.

It may be admitted, that if R. Phillips, the person in possession of the land, claiming under T. Phillips, had really entered under an adverse title and held an adverse possession, the court of equity would not, on the ground of a claim of partition by and among other parties, take jurisdiction of his claim. But he sets up no other title but that derived under the execution sale above stated, and denies the title of the complainant, and the children of Nancy Standeford, only on the ground that the land was bound for the debts of Squire Brooks, was purchased by his father under an execution against the administrator and

PHILLIPS
vs.
JOHNSON, &c.
———
Case stated.

1. A judgment and execution sale against executor and devisee for life, does not pass the right and title of the devisee in remainder.

PHILLIPS
vs.
JOHNSON, &c.

devisees of Brooks, and had been claimed and held under said purchase adversely to all the world. In setting up his title he shows that he has none, and that his possession is in law and fact subordinate to the title under which partition is sought, and that he is bound to surrender to that title.

2. No title passes to land under a sale in execution, but such title as the defendants in the execution hold to the property.

It is clear that no title passed by the sheriff's sale and deed, but such as the defendants in the judgment and execution had; and as none of these defendants were devisees of the land now in question except Nancy Standeford, her title alone passed to Thomas Phillips; but the land was expressly limited to her for life; the purchaser could acquire, by his purchase, no greater estate than she herself had; and therefore he acquired only an estate for her life, with remainder to her children. If, therefore, as alleged, he supposed he was acquiring a fee simple title, which would be strange since he should be presumed to have had notice of the devise under which he held, and if he entered and has held claiming adversely, he still, in point of law, held under the same title, was in fact but a tenant for the life of Nancy Standeford, and he or his alience was bound on her death to surrender the possession to the persons entitled in remainder. He is under the same obligation, in this respect as if Thomas Phillips had purchased directly from the devisee for life, and had conveyed to him in fee. It is in truth the same as if Thomas Phillips had leased for years from Squire Brooks, and as if he or his alience in fee had held over against the heirs or devisees of Brooks entitled to the reversion or remainder, and claim to hold adversely but by the title only.

3. A tenant occupying that relation to the remainder-men is not such an adversary claimant as presents any bar to a court of chancery de-

It cannot be admitted that the possession of a tenant occupying this relation to the remainder-men, presents any real obstacle to the jurisdiction of the chancellor to make partition, and to effectuate it by acting on the possession. The case is substantially the same in principle as if the tenant in possession, claiming to have entered under a deed from one who had a joint interest only, and conveyed no more, should re-

...ist a prayer for partition by the other holders of the same title, on the ground that he claimed the whole adversely. The case supposed would, in fact, be stronger than the present against the jurisdiction, because then the tenant in possession might, by length of time, acquire a title, if his entry were under claim of the whole. But here no title against the remainder-men could be acquired by the purchaser on the ground of adverse possession during the life of Nancy Standeford, because, until her death, (which occurred only in 1849,) they had no present right of possession.

It is contended, however, that it does not appear that Nancy Standeford had any children at the death of Squire Brooks, or at the date of the proceedings against his administrator and devisees under which Phillips purchased; that they not being *in esse*, could not have been made defendants, and therefore, that their title cannot be set up against the purchaser, but should be deemed to have passed or to have been extinguished. But even if Mrs. Standeford had no children at either of the periods referred to, that did not increase her estate, nor make her the proper representative of the entire title. So long as the remainder did not vest in the persons to whom it was given, and until they or some of them should come *in esse*, the fee simple, subject to the estate for life, was in the heirs of Squire Brooks, the testator, and could not be acquired by means of a judgment and execution against the devisee for life only; so that, even upon the assumption that Mrs. Standeford had no children at either of the periods mentioned, and that the remainder was then still contingent, Thomas Phillips and his son and donee, R. Phillips, were but tenants for the life of Mrs. Standeford and in her place. Upon her death, therefore, they had no further title, and there was in fact nothing to try by a jury, unless the fact of Mrs. Standeford's death, which is undisputed.

But although it is not specifically alleged that Mrs. Standeford had children when Squire Brooks died, in 1826, and when this land was sold in 1831, the fact is

...creeing partition between remainder-men.

4. If there be a devise to a woman for life and then to her children, and before any children born, a judgment be had against the devisee for life, and the land sold, nothing passes but the estate for life; the fee, until children born, remains with the heirs of the testator.

5. When a devise is to the mother for life, and then to her

PHILLIPS
vs.
JOHNSON, &c.

children, the
right to the re-
mainder vests
in the children
as they are
born, and if any
of them die be-
fore the deter-
mination of the
life estate, their
interest vests in
their heirs.

6. One who
enters and holds
only the title of
the tenant for
life cannot, by
claiming to
hold adversely,
oust the chan-
cellor of juris-
diction to de-
cree partition
between re-
maindermen
and control the
possession.

clearly shown throughout the case and inferentially by the depositions of Richard Phillips himself, taken before he was made a party, and was doubtless so well understood by all that the necessity of its allegation was, on that ground, overlooked. But before we should determine that the purchaser under a judgment against a devisee for life acquired the fee, because the persons in remainder had not come *in esse*, we should require this fact, if it could be effectual for that purpose, to be expressly shown by the party claiming under it.

The children of Mrs. Standeford, whenever born, took a remainder which vested at their respective births, if after the death of the testator, or vested at his death in such as were then in being; and such vested remainder on the subsequent death of any child passed by descent, to his or her heirs. To say that the chancellor is ousted of his ordinary jurisdiction, to make partition between the parties thus entitled, and must send them to a court of law to establish their title and get possession, because the tenant in possession, though by his own showing he holds under their title, and is bound to surrender to it, says the land is his, that he claims and holds adversely, and that he cannot be ousted but by the verdict of a jury, would be to subject an important and beneficial jurisdiction to the mere ignorance or perversity of the tenant in possession, and to allow the substantial ends of justice to be defeated by a shadow of technicality. The chancellor does not encourage circuity of action, but interposes to avoid it, and there is, in our opinion, no substantial reason for driving these devisees to an action at law which will still leave the object of this suit unaccomplished. The case of *Bailey's adm'r. v. Wickliffe*, 5 *B. Monroe*, 253, and the authorities there cited, are referred to as showing that the jurisdiction of a court of equity in acting on the possession in cases on mortgages and in partition, is not to be obstructed or defeated, by the fact that the tenant in possession, while he shows that he holds in subjection to the mortgage title (or by parity to the title of which

partition is sought,) claims to hold adversely; and we sustain the jurisdiction in this case, because Phillips, being a party and bound to surrender the possession to the devisees in remainder, the court has full power over the whole subject, and can do complete justice without trying or deciding upon adverse titles of which there was in fact none.

Wherefore, the decree is affirmed.

HARLAN, FRY, and FIELDS for appellants; B. & J. MONROE and G. A. & I. CALDWELL for appellees.

